941 F.2d 1212
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James E. WILLIAMS, Plaintiff-Appellant,
v.
Joseph DILLMAN, et al., Defendants-Appellees.
 No. 90-2479.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 20, 1991.*
Decided Aug. 23, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 James E. Williams appeals the dismissal of his suit brought pursuant to 42 U.S.C. § 1983. Williams brought this suit against certain officials at the Pontiac Correctional Center claiming that the defendants were deliberately indifferent to his serious medical needs in violation of the eighth amendment and that the defendants violated his first amendment right to freedom of religion.[1]
 
 I. DELIBERATE INDIFFERENCE TO MEDICAL NEEDS
 
 2
 On January 13, 1987, the appellant was diagnosed by Pontiac medical personnel as having hemorrhoids. The institution's physician scheduled an appointment for Williams to be seen at the surgical clinic on March 10, 1987. On that date, Williams, who was housed in disciplinary segregation, was not escorted to this appointment due to a staffing shortage. Williams filed an institutional grievance claiming a denial of medical services. In response, Nursing Supervisor Tina Georgy informed Williams that the appointment was rescheduled for April 28, 1987. The surgeon was unable to make this appointment, and the examination was again rescheduled for May 12, 1987. Due to staff error, Williams' name was not placed on the list of patients to be taken to the surgery clinic. Williams was finally taken to the surgery clinic on May 26, 1987.
 
 
 3
 Williams filed this § 1983 action based on the delay in obtaining medical services. He named Nursing Supervisor Georgy and Assistant Warden Joseph Dillman, who was responsible for the health services at Pontiac, as defendants. In their answer to the complaint, the defendants raised the affirmative defense that Williams had failed to state a claim upon which relief could be granted. The district court agreed and dismissed the eighth amendment claim in a minute order dated March 16, 1988. The district court held that the uncontested reasons for the delays (inadequate staff, surgeon's scheduling conflict, and staff error) do not constitute deliberate indifference, violating the eighth amendment's proscription against cruel and unusual punishment.
 
 
 4
 The Supreme Court recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the eighth amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief." Kelly v. McGinnis, 899 F.2d 612, 616 (7th Cir.1990). Williams missed three appointments at the surgery clinic, twice due to staff error and once due to the physician's unavailability. Williams, however, does not allege that these delays caused serious detriment to his health or that no treatment was provided for his hemorrhoids while he awaited his appointment. Although we do not condone the staff's negligence that twice caused Williams to miss his appointments, we agree that Williams has failed to show deliberate indifference on the part of the defendants.
 
 II. FREE EXERCISE OF RELIGION
 
 5
 On May 22, 1987, Williams prepared a money voucher requesting the Trust Office to disburse $150.66 from his trust account to purchase a gold chain and crucifix medallion. The request was denied and the voucher returned to Williams. Joseph Dillman, the only defendant named in this claim, signed the form denying the disbursement, but provided no explanation for the denial. Williams wrote to prison counselor Kevin Murphy requesting an explanation for the denial of his request. Murphy responded: "The warden's office tells me that while religious medals are still allowed, medals may no longer be purchased. It was not a question of whether you had the money."
 
 
 6
 Williams amended his complaint, prior to the March 1988 dismissal of his eighth amendment claim, alleging a violation of his first amendment right to religious freedom. The defendant agrees that Williams was entitled to purchase the religious medallion pursuant to prison regulations. Dillman provided an affidavit stating that he did not remember why the request was denied, claiming that oversight or inadvertence caused the error.
 
 
 7
 Both parties filed motions for summary judgment on this issue. The district court granted summary judgment in favor of the defendant.[2] The district court ruled that "[t]his case does not involve a religious freedom claim; instead, it is more properly analyzed as a due process case." As such, the court concluded that the defendant was entitled to summary judgment because their denial of the request stemmed from simple negligence which is not an actionable due process claim under § 1983. Daniels v. Williams, 474 U.S. 327 (1986). Unfortunately, the district court did not explain its reasons for its characterization of Williams' claim.
 
 
 8
 As a preliminary matter, we note that the defendant accepted the proposition that Williams' claim fell under the protections of the first amendment. See fn. 2, supra. Presumably, this belief is based on the existence of a prison regulation which allows prisoners to possess not more than two religious medallions. First amendment rights, however, cannot be created by statute or regulation. We do not need to determine whether Williams had a constitutional right to possess the medallion as we find that he cannot survive summary judgment under either a first amendment or a due process analysis.
 
 
 9
 Generally, first amendment suits in the prison setting involve challenges to regulations or practices which are claimed to infringe first amendment freedoms. This court, however, recognized that prisoners may bring suit alleging an individual violation of a first amendment freedom in Sizemore v. Williford, 829 F.2d 608 (7th Cir.1987). The prisoner plaintiff in Sizemore alleged that prison officials consistently delivered his newspaper subscription either days late, or not at all. He did not allege that the deprivation occurred pursuant to a prison policy or regulation. The district court treated Sizemore's complaint as alleging a negligent deprivation under the fourteenth amendment due process clause and granted the defendants' motion to dismiss. On appeal, Sizemore successfully argued that "the district court erred by narrowly considering Sizemore's complaint as nothing more than a procedural due process claim instead of also as a claim alleging substantive violations of the First and Fourteenth Amendments." Id. at 610. In finding that Sizemore stated a claim, this court found that his allegations that the prison officials permanently and intentionally withheld the newspapers implicated his substantive rights. The court placed great emphasis on the fact that an intentional deprivation was alleged.
 
 
 10
 Thus, even if we found that Williams did have a first amendment interest in the religious medallions, he still needed to show that the denial was intentional. He did not. He merely claimed that he made a request which was denied by Dillman. Defendant Dillman introduced an affidavit which explained that he receives many requests each day. He stated that although he does not remember denying Williams' request, it must have been an oversight as Williams was entitled under prison regulations to purchase the items. Williams offered nothing to rebut this evidence. Without evidence that Dillman's conduct was intentional, there were no material facts in dispute and Dillman was entitled to summary judgment.
 
 
 11
 In the absence of the defendant's intent, Williams' request to purchase the religious medal was not protected by the first amendment. In this setting, the district court's determination that the complaint only alleged a due process violation would be correct. Williams' claim under the due process clause also cannot withstand summary judgment due to his failure to allege an intentional deprivation of property. Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Subsequent to the filing of this suit, Williams was transferred to Menard Correction Center where he is currently incarcerated
 
 
 [2]
 The defendant raised three issues in his motion for summary judgment. Dillman contended:
 
 
 [1]
 Plaintiff fails to raise a genuine issue of material fact whether defendant knowingly, willfully, or recklessly violated plaintiff's right to exercise his religious freedom
 
 
 [2]
 Plaintiff fails to raise a genuine issue of material fact whether defendant denied plaintiff a reasonable opportunity to exercise religious freedom
 
 
 [3]
 Qualified immunity shields the defendant from liability